IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESSICA GASTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-1997-X-BN |
| | § | |
| CPS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jessica Gaston filed a *pro se* complaint against CPS (which the Court understands to be the Texas Department of Child Protective Services), alleging that CPS "falsely removed [her] children." Dkt. No. 3.

United States District Judge Brantley Starr referred Gaston's complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

After reviewing the complaint, the undersigned questions whether there is subject matter jurisdiction and, given the circumstances of this case, enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action for lack of subject matter jurisdiction.

These findings and conclusions provide Gaston notice as to the jurisdictional deficiencies. And the ability to file objections to the recommendation that this case be dismissed (as further explained below) offers Gaston an opportunity to establish (if possible) that the Court does have subject matter jurisdiction.

**Discussion**

"Jurisdiction is the power to say what the law is." *United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023). So consideration of "[j]urisdiction is always first." *Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) (citation omitted).

And, because "'[f]ederal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute,'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)), "subject-matter delineations must be policed by the courts on their own initiative even at the highest level," *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (citations omitted); *see, e.g.*, *Tawakkol v. Vasquez*, 87 F.4th 715, 716 (5th Cir. 2023) ("After a bench trial, the district court entered judgment in Tawakkol's favor. Because we conclude that Tawakkol's suit is barred by sovereign immunity, we vacate and remand with instructions to dismiss for lack of jurisdiction." (all caps omitted)).

"Sovereign immunity under the Eleventh Amendment precludes suits by private citizens against states in federal court." *Tawakkol*, 87 F.4th at 718 (citing *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019)).

So, "[a]bsent waiver, the immunity of a state from suit as signified by, but not fully expressed in, the Eleventh Amendment is a jurisdictional barrier." *Stramaski v. Lawley*, 44 F.4th 318, 321-22 (5th Cir. 2022) (citing *Corn v. Miss. Dep't of Pub. Safety*, 954 F.3d 268, 374, 276 (5th Cir. 2020)).

> Sovereign immunity applies not only to actions in which a state itself is the named defendant, but also to actions against state agencies

> and instrumentalities. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). "[A] suit against an arm or instrumentality of the State is treated as one against the State itself." *Lewis v. Clarke*, 581 U.S. 155, 166 (2017). Similarly, lawsuits brought against employees in their official capacity "represent only another way of pleading an action against an entity of which an officer is an agent," and they also may be barred by sovereign immunity. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). This bar extends not only to the state itself, but also to claims against "state officials" in their official capacity when the state is the real party in interest. *Id.*

*Lincoln v. Travis Cnty. Corr. Complex*, A-23-CV-1044-DII, A-23-CV-1085-DII, & A-23-CV-1089-DII, 2023 WL 7554334, at *4 (W.D. Tex. Oct. 3, 2023) (citation modified; concluding that "Plaintiff's claims against Child Protective Services are barred in federal court by sovereign immunity" where "Plaintiff fails to identify any exception to sovereign immunity"); *see also Bogard v. Lowe*, SA-21-CV-00021-FB, 2022 WL 1050332, at *5 (W.D. Tex. Apr. 6, 2022) ("[C]hild protective services employees are state employees entitled to Eleventh Amendment immunity." (citing *Thomas v. Tex. Dep't of Family & Prot. Servs.*, 427 F. App'x 309, 312 (5th Cir. 2020) (per curiam); *Stem v. Ahearn*, 908 F.2d 1, 4 (5th Cir. 1990))).

Because Gaston fails to identify an exception to sovereign immunity that allows this lawsuit against CPS to proceed in federal court, the complaint should be dismissed without prejudice for lack of subject matter jurisdiction. *See Lincoln*, 2023 WL 7554334, at *4; *see also Noble v. CPS – Fort Worth*, No. 4:20-cv-241-P-BP, 2020 WL 5505660, at *2 (N.D. Tex. Aug. 24, 2020) ("CPS, an agency of the State of Texas, has not consented to be sued by Noble and is immune from the claims she asserts here under the Eleventh Amendment to the United States Constitution. Therefore, her claims should be dismissed based on sovereign immunity."), *rec. accepted*, 2020

WL 5500269 (N.D. Tex. Sept. 11, 2020).

## Recommendation

The Court should dismiss this lawsuit for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 27, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE